ADAM PAUL LAXALT
  Attorney General
GERRI LYNN HARDCASTLE, Bar No. 13142
  Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1134
E-mail: ghardcastle@ag.nv.gov

*Attorneys for Defendants*
*Tara Carpenter, E.K. McDaniel,*
*William Sandie, and Mark Sorci*



## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MYRONE JONES, <br><br>  Plaintiff, <br><br> v. <br><br> E.K. MCDANIEL, et al., <br><br>  Defendants | Case No. 3:17-cv-00199-MMD-VPC <br><br> **MOTION FOR ENLARGEMENT OF TIME TO SUBMIT CONFIDENTIAL EARLY MEDIATION CONFERENCE STATEMENT** <br> **(First Request)** |

Defendants, Tara Carpenter, E.K. McDaniel, William Sandi, and Mark Sorci, by and through counsel, Adam Paul Laxalt, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby move this honorable Court for an enlargement of time to submit their Confidential Early Mediation Conference Statement. This motion is made pursuant to Fed. R. Civ. P. 6(b)(1), the following Memorandum of Points and Authorities, and the papers and pleadings on file herein.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION & RELEVANT FACTUAL INFORMATION

This case is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 3 at 1. Plaintiff, Myron D. Jones (Plaintiff) is an inmate in the lawful custody of the Nevada Department of Corrections (NDOC). *Id.* The incidents at issue in this matter occurred at Lovelock Correctional Center (LCC), which is where Plaintiff is currently housed. ECF No. 4 at 1. Specifically, Plaintiff alleges that his rights under the Free Exercise Clause of the First Amendment, the Equal Protection Clause of the

Fourteenth Amendment, and the Religious Land Use and Institutionalized Persons Act (RLUIPA). ECF No. 3 at 6-7.

The Inmate Early Mediation Conference (EMC) in this matter is scheduled for October 9, 2018, at 11:30 a.m. ECF No. 9 at 1. In the order setting the EMC, this Court ordered the parties to submit confidential early mediation conference statements by Tuesday, October 2, 2018, at 4:00 p.m. *Id.* at 4-5. Unfortunately, counsel is unable to complete her clients' statement by 4:00 p.m. today due matters in other cases. Counsel therefore requests to be allowed to submit her clients' statement no later than 12:00 p.m. on Wednesday, October 3, 2018.

## II. DISCUSSION

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). FED. R. CIV. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Good cause exists to enlarge the time for Defendants to submit their confidential EMC statements. They and their counsel have already devoted a significant amount of time to investigating Plaintiff's claims and preparing their statement. Unfortunately, other matters prevent counsel from completing the

EMC statement by 4:00 p.m. today, but counsel is confident that the statement will be completed by 12:00 p.m. tomorrow, October 3, 2018. Defendants hope that the short enlargement of time requested will not inconvenience the mediator or this honorable Court.

## III. CONCLUSION

Based on the foregoing, Defendants respectfully request that they be allowed until Wednesday, October 3, 2018, at 12:00 p.m. to submit their confidential EMC statement.

DATED this 2nd day of October, 2018.

ADAM PAUL LAXALT
Attorney General

By: /s/ Gerri Lynn Hardcastle
GERRI LYNN HARDCASTLE
Deputy Attorney General
State of Nevada
Bureau of Litigation
Public Safety Division

*Attorneys for Defendants*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE

DATED: Oct. 3, 2018

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 2nd day of October, 2018, I caused a copy of the foregoing, **MOTION FOR ENLARGEMENT OF TIME TO SUBMIT DEFENDANTS' CONFIDENTIAL EARLY MEDIATION CONFERENCE STATEMENT (First Request)**, to be served, by U.S. District Court CM/ECF Electronic Filing on the following:

MYRON D. JONES #1086554
Care of LCC Law Librarian
Lovelock Correctional Center
1200 Prison Road
Lovelock, Nevada 89419
lcclawlibrary@doc.nv.gov

/s/ [signature]
An employee of the
Office of the Attorney General